FILED
Received

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

2019 AUG 15  PM 12: 44

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

PROVIDED TO TOMOKA
CORRECTIONAL INSTITUTION
ON 8-13-19  S.B
FOR MAILING BY

**SADIK BAXTER**
Plaintiff,

v.

Case No: 2:18-CV-479-~~UA UAM~~

FHM - 60 NPM

**WEXFORD HEALTH SOURCES, INC**
**DR. HEMPHILL, DR. BLANKENSHIP,**
**DR. C. BERRIOS, AND RN. JENKS**
     Defendant's et. al.

_____/

## SECOND AMENDED CIVIL RIGHTS COMPLAINT
## AND DEMAND FOR JURY TRIAL

The Plaintiff, Sadik Baxter, *pro se* files this Second Amended Complaint pursuant to local Rule 4.01 of the United States Middle District and Federal Rule of Civil Procedure Rule 15 (a) (d) and pleads the following:

### I. JURISDICTION

1. This Court has Jurisdiction Under 28 U.S.C. Section 1331, 1343 (a) (3), and 1367 given that Mr. Baxter seeks redress based on Federal questions by actors acting under Color of State law and said actors violated state law.

2. All conditions precedent has been satisfied.

## II. PARTIES

A. Plaintiff

3. Sadik Baxter was at all times germane hereto an inmate confined in Florida Department of Corrections ("DOC") at Charlotte Correctional Institution.

B. Defendants

4. Wexford Health Sources is an out of State Corporation doing business in and was at all times herein mentioned the contract provider of Medical services to (DOC), and was further an agent of (DOC).

5. Defendant DR. R Hemphill was at times germane hereto employed by Wexford Health Sources Inc. and employed in the capacity of Medical Doctor general medicine practice and did act in bad faith.

6. Defendant DR. Blankenship was at all times germane hereto employed by Wexford and employed at Charlotte C.I. as a Medical doctor of general medicine and did acted in bad faith.

7. Defendant C. Berrios was at all times germane hereto employed by Wexford and employed at Charlotte C.I. in Capacity of Medical Doctor in general medicine and did act in bad faith.

8. Defendant, Nurse Jenks was at all times germane hereto employed by Wexford and employed at Charlotte C.I. in the capacity of Nurse Supervisor and acted in bad faith.

2

9. Each Defendant is sued individually and in his or her officially capacity.  At all times mentioned in this complaint acted under color of State law.

## III. FACTS

10. On or about September of 2009, Plaintiff Baxter suffered a gunshot wound to his posterior sacral lumber area (spinal cord) severely disabling him.

11. After number surgeries, Plaintiff's injuries were diagnosed as urogenitally and fecally retentive; thus Plaintiff is required to self catheterize and manually remove his dejecta diurnally.

12. Additionally Plaintiff was diagnosed by an urologist with interstitial cystitis and that latex catheters were allergenic, hence, a specific treatment regimen was ordered.

13. Plaintiff arrived at Charlotte C.I. on January 20, 2015.

14. Upon his arrival, he presented all of his medical passes that were issued to him at his previous institution Martin Correctional Institution (MCI).

15. Plaintiff waited two days to see Medical, and when he saw Medical Ms. Kepler and non-Defendant stated, after reviewing his passes, you are very needy and I will not honor these passes.

16. On January 22, 2015, Plaintiff was seen by Defendant Hemphill where he presented his medical passes to him.  All medical passes were ordered by a previous Doctor at Martin C.I named Dr. Patton another non-Defendant.

3

17. Plaintiff passes required six non-latex catheters per day, lubricant, non-latex gloves, toilettes, and a biohazard bag to dispose of the used material.

18. Defendant Hemphill acted with deliberate indifference to Plaintiff's serious medical needs bad acting in bad faith and not doing his job as a doctor.

19. Defendant Hemphill then, summoned Defendant Jenks into his office to review the passes. Immediately Defendant Jenks stated "Oh no" we are not giving him any catheters.

20. Defendant Hemphill acknowledge that Plaintiff had valid passes signed by Dr. Patton from his previous institution, but still acted with difference to Plaintiff care.

21. Defendant Jenks then said we will give him only 3 catheters per week, take it or leave it, we are not like your previous camp. We have a budget and we can't afford to prove you with that amount of supplies. Defendant Jenks was making reference to Wexford's Custom and Policy of saving money at all costs.

22. Plaintiff then informed both Defendant Hemphill and Defendant Jenks that the catheters were disposable ones and he needed what was already ordered by Dr. Patton.

4

23. Defendant Hemphill ignoring Plaintiff pleas acted with deliberate indifference to his serious medical needs by only providing him with 3 catheters per week.

24. Defendant Jenks then returned in the office with three catheters (disposable single use only), three 0.102 (3g) lubricants, three pair of gloves and told Plaintiff to make them last a week.

25. Plaintiff protested again the fact that the catheters are single use disposable ones, and was told by both Defendant Hemphill and Defendant Jenks that if he washed them as they said he would be okay, acting in bad faith knowing the catheters were single use, and would cause Plaintiff's several infections.

26. On January 27, 2015, Plaintiff went to sick call and was seen by Nurse Thompson a non-Defendant, who failed to take his vitals or address his medical concerns of receiving only three catheters per week.

27. Plaintiff then displayed to Nurse Thompson a large cyst that was purulent on his right posterior trunk, and he also showed her that he was bleeding when he urinates as a result reusing the same unsterilized catheter more than once.

28. On February 3, 2015, Plaintiff declared a medical emergency for the painful cyst that was oozing with pus along with bloody urine and was merely told to fill out another sick call, by medical staff.

5

29. On February 5, 2015, Plaintiff was seen by Defendant Blankenship who immediately recognized the huge cyst on Plaintiff's backside oozing with pus, and said look like you have an infection.

30. Plaintiff then explained to Defendant Blankenship the excruciating pain he was suffering and the symptoms he was experiencing urinating blood from reusing the same unsterilized catheters.

31. Defendant Blankenship then told Plaintiff to hold on a few minutes later, she returned with Defendant Jenks, who immediately went into defense mode and said "great not fucking you again."  Defendant Jenks ignored Defendant Blankenship request to provide Plaintiff with the proper amount of supplies, and treatment.

32. Defendant Blankenship with a reckless disregard for Plaintiff's life and health said sorry, it's out of my hands.  Thus allowing Plaintiff to continue to be forced to use catheters more than once by washing them.

33. Plaintiff continued to file grievances against Medical for following Wexford's Custom and Policy of saving money at the expense of the patient.

34. Defendant Wexford Health Sources Inc. Custom and Policy of directing or incentivizing its healthcare employees to deny non-emergency surgical care and supplies in order to reduce costs and maximize its profitability, caused Plaintiff to suffer severally and sustain permanent injury.

6

35. Plaintiff contends that this custom and policy was used and followed at Charlotte C.I.  On May 30, 2015, Plaintiff asked a nurse to provide him his weekly supply of catheters and she replied.  She would let the next shift know.  On May 31, 2015, Plaintiff again tried to get his weekly supplies of catheters; she replied that's not my job.

36. Plaintiff was told by Defendant Jenks that Medical would not supply him with the required single use catheters due to costs and he wasn't getting any additional supplies even though Plaintiff was suffering severe pain as a direct result of infections cause from using disposable single use catheters.

37. Defendant Wexford Health Sources Inc. Custom and Policy discriminated against Plaintiff by depriving him of sterile clean catheters.  Title II of the ADA states "no qualified individual with a disability shall, reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or be subjected to discrimination.

38. Plaintiff contends that Defendant Wexford Health Sources Inc. discriminated against him by reason of his disability; by withholding of access to catheters and thus access to urination, through similarly situated individuals without bladder impairment have ready access to toilets. Plaintiff had difficulty urinating as a result of this.

7

39. On June 2, 2015, Plaintiff was seen by Defendant C. Berrios and after explaining to Defendant C. Berrios about Plaintiff's medical condition, Defendant Berrios stated he could not provide Plaintiff with the proper amount of catheters, and that he would intentionally ignore the urologist's prescribed treatment.

40. Plaintiff explained to Defendant Berrios that he was in pain and could barely walk or function on a daily basis.

41. Defendant Berrios then told Plaintiff to be satisfied with what little treatment he was receiving, he said he recognized that Plaintiff medical need was serious, but it was out of his hands.

42. Plaintiff then told Defendant Berrios that inadequate treatment was also being deliberate indifference to his serious medical needs Defendant Berrios stated take it or leave it.

43. Defendant Berrios then said medical is tired of you filing grievances over this matter, and things would change if he continued.

44. Defendant Berrios then retaliated against Plaintiff by depriving him access to his cane stick and did not follow up on the urologist order of treatment. Plaintiff wasn't given his condom foley catheter, but was given only 3 catheters a week 7 gloves a week, and 3 lubricants a week, and was told to wash and reuse disposable catheters and was to reuse gloves.

8

45. Although Plaintiff received some treatment by Defendant Berrios, the treatment was inadequate and lead to additional harm to Plaintiff.

46. Mr. Baxter placed sick call requests for urinary tract infection ("UTI") on two occasions June 9 and 16, 2016.

47. On June 17, 2016 Mr. Baxter was tested for "UTI" and the nurse and Doctor and told Mr. Baxter that he tested positive for severe "UTI", around 3:40-4:00pm and questioned his lack of treatment.

48. Said Doctor divulged this medical information at cell door around officer and in ear shot of other inmates.

49. Mr. Baxter was started on antibiotics on June 17, 2016.

## IV. CAUSE OF ACTION
### COUNT ONE: DELIBERATE INDIFFERENCE 8th AMENDMENT

50. This is a cause of action under 42 U.S.C. Sec. 1983.

51. Plaintiff re-alleges paragraphs 1-45 as fully set forth herein.

52. Plaintiff had a serious medical condition that was diagnosis by a medical urologist that required a specific treatment.

53. Defendant's Hemphill, Defendant Blankenship, Defendant Berrios, Defendant Jenks was all aware of Plaintiff's serious medical need, was aware that another medical doctor had prescribed a specific treatment plan, and ignored that treatment plan. An in an attempt to conform to Defendant

9

Wexford Health Sources Inc. Custom and Policy of putting profit over people, cut the number of catheters proscribed from 7 to 3 which lead directly to Plaintiff getting a serious infection causing severe pain.

54. Defendant Hemphill, Defendant Blankenship, Defendant Berrios, Defendant Jenks acted with deliberate indifference by ordering only 3 catheters and ordering Plaintiff to reuse disposable single use only catheters. Defendants knew their actions could lead to infections but acted in a malicious manner, and was willful in causing Plaintiff pain by ignoring his pleas for more catheters, even after several complaints, grievances filed by Plaintiff for sustaining several infections.

## COUNT TWO:
## DELIBERATE INDIFFERENCE 8th AMENDMENT

55. This is an action under 42 U.S.C. Section 1983

56. Plaintiff re-alleges paragraphs 1-45 as fully set forth herein.

57. Plaintiff had a serious medical need that was diagnosed by a physician.

58. Defendant Blankenship refused to provide Plaintiff with proper or adequate medical treatment and supplies.

59. Defendant Blankenship reviewed Plaintiff medical file, and was familiar with the treatment ordered by a prior physician, ignored the prior treatment, was deliberate indifferent to Plaintiff safety by willfully and intentionally

10

providing inadequate treatment which she knew would lead to harmful infections, by ordering Plaintiff to reuse single use catheters completely ignoring the label which says that single use catheters are disposable. This led to an unnecessary and wanton infliction of pain upon Plaintiff in violation of the 8th Amendment.

<u>COUNT THREE</u>:
DELIBERATE INDIFFERENCE 8th AMENDMENT

60. This is an action under 42 U.S.C. Section 1983

61. Plaintiff re-alleges paragraphs 1-45 as fully set forth herein.

62. Plaintiff had a serious medical need that was diagnosed by a physician.

63. Defendant Berrios was subjectively aware of Plaintiff's serious medical needs because he reviewed Plaintiff medical file, and was objectively aware of Plaintiff's serious medical need.

64. Defendant Berrios acting with deliberate indifference, ignored the prior physician's treatment regimen, and willfully and intentionally ordered that Plaintiff only be provided with 3 catheters a week he further ordered Plaintiff wash single use catheters that should have been disposed after single use. This total disregard for Plaintiff safety was the proximate cause of plaintiff developing serious urine infection resulting in the unnecessary wanton infliction of pain. Violating the 8th Amendment.

## COUNT FOUR:
## DELIBERATE INDIFFERENCE 8th AMENDMENT

65. This is an action under 42 U.S.C. Section 1983

66. Plaintiff re-alleges paragraphs 1-45 as fully set forth herein.

67. Plaintiff had a serious medical need that was diagnosed by a physician.

68. Defendant Hemphill reviewed Plaintiff medical file and was aware of the prior diagnosis by a physician, but Defendant Hemphill willfully and intentionally ignored that treatment and provided his own inadequate treatment, which lead to additional harm.

69. Defendant Hemphill inadequate treatment of Plaintiff was not based upon a medical theory, but based upon a custom and policy of Wexford Health Source Inc. to save money.

70. Defendant Hemphill prescribed that Plaintiff be given only 3 catheters a week after initially being provided with seven a day. Defendant Hemphill instructed Plaintiff to wash and reuse the single use catheter he was provided. Which lead directly to Plaintiff receiving severe and painful infection. In violation of the 8th Amendment. Plaintiff developed a serious condition as a result of using unsterile catheters that's still ongoing, and resulted in permanent injury.

## COUNT FIVE:
## DELIBERATE INDIFFERENCE 8th AMENDMENT

## COUNT FIVE:
## DELIBERATE INDIFFERENCE 8th AMENDMENT

71. This is an action under 42 U.S.C. Section 1983

72. Plaintiff re-alleges paragraphs 1-45 as fully set forth herein.

73. Plaintiff had a serious medical need that was diagnosed by a physician.

74. Defendant Jenks was subjectively aware of Plaintiff's condition since she was responsible for administering the treatment.

75. Defendant Jenks acting with deliberate indifference to Plaintiff's serious medical needs maliciously denied him the required treatment but instead advocated for 3 catheters a week as to save money.

76. Defendant Jenks was operating under the Custom and Policy of Wexford Health Sources Inc. which requires all medical personnel to save money at the expense of the patient.

77. Defendant Jenks told Plaintiff to wash the single use catheters and to wash and reuse gloves to save money.

78. Defendant Jenks when asked by colleagues whether Plaintiff's need demanded more catheters answer no and continued to advocate for the inadequate amount of supplies.

13

79. Defendant Jenks acted with a willful disregard for Plaintiffs safety by knowingly and intentionally advocating a company policy of saving money and undercutting patients.

80. Defendant Jenks reckless disregard for Plaintiff safety lead to additional pain and sufferings.  When Plaintiff developed infections after washing and reusing single use catheters as instructed by Defendant Jenks. Plaintiff was treated differently by reason of him having to self catheterize, self bowel and use a cane to walk with. Defendant's were well aware of Plaintiffs disability as he filed several grievances pertaining to pain and suffering he endured due to re-using single use disposable catheters. Several times Plaintiff urinated on himself, and did not have any catheters to use, which caused several infections in the bladder.

81. Defendant Jenks providing Plaintiff with inadequate supplies was the proximate cause to Plaintiff's additional pain and sufferings, and his ongoing medical conditions.  In violation of the 8th Amendment.

COUNT SIX:
DISCRIMINATION 14th AMENDMENT

82. This is an action under 42 U.S.C. Section 1983

83. Plaintiff re-alleges paragraphs 1-45 as fully set forth herein.

84. Plaintiff had a serious medical need that was diagnosed by a physician.

14

85. Defendant Wexford Health Sources Inc. was deliberate indifferent to his serious medical needs by violating Title II of the ADA which holds "no qualified individual with a disability shall, reason of such disability be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity or be subjected to discrimination by such entity. 42 .S.C. Section 12132 (1990).

86. Defendant Wexford Health Sources Inc. discriminated against Plaintiff solely by reason of his disability by withholding of access to catheters and thus access to urination though similarly situated individuals without bladder impairment have ready access to toilets.

87. Defendant Wexford Health Source Inc. Custom and Policy of putting profit before patient was the proximate and direct cause of Plaintiff being denied the adequate supply of catheters for his condition. In violation of the 8th and 14th Amendments. Wexford Custom and Policy was the driving force behind Plaintiff's injury.

## COUNT SEVEN:
## RETALIATION 1st AMENDMENT

88. This is an action under 42 U.S.C. Section 1983

89. Plaintiff re-alleges paragraphs 1-45 as fully set forth herein.

90. Plaintiff had a serious medical need that was diagnosed by a physician. Which included him being urogenitally and fecally retentive; thus requiring Plaintiff to self catheterize and manually remove stool on a daily basis. Plaintiff also suffers from severe nerve damage requiring him to walk with a cane as needed. Therefore limiting him from major life activities.

91. Plaintiff engaged in writing grievances to exercise his First Amendment right to challenge prison conditions.

92. Defendant's acting in a concerted effort to delay treatment and provide inadequate medical supplies, which lead to Plaintiff developing infections, therefore Nurse Thompson's a non-party and Defendant Blankenship's statements, and the revocation of his walking cane pass, inter alia were done to chill Plaintiff's First Amendment right to grieve.

93. Plaintiff became afraid to grieve, even after approved by Tallahassee ordered medical to return cane to Plaintiff. However cane was never returned to this date.

### COUNT EIGHT:
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

94. This is an action under state law for common law outrage.

95. Plaintiff re-alleges paragraphs 1-45 as fully set forth herein.

16

96. The Defendant's concerted actions of deliberately inflicting mental suffering of the Plaintiff by denying adequate medical supplies which caused him to develop painful infections, their making him experience unnecessary and wanton pain, their revoking his cane pass maliciously and without cause was cruel.

97. Such conducts by Defendants were outrageous and went beyond all possible bands of decency where Plaintiff was made to suffer pain, discomfort, embarrassment, and mental anguish.

98. Defendant's deliberately ignored urologists and prior doctor's orders in order to distress Plaintiff, and retaliated when Plaintiff complained, thus maliciously inflicting more unnecessary pain and suffering.

99. Plaintiff suffered anguish, physical pain, distress, bleeding and burning in his urine and urinary tract weeks of muscle failure, ongoing nightmares, and humiliation, and severe distress, as alleged above.

## <u>COUNT NINE:</u>
## CONCERT OF ACTION

100. This is an action under state law for common law concert of action.

101. Plaintiff re-alleges paragraphs 1-45 as fully set forth herein.

102. Defendant Jenks acting from the Custom and Policy of Wexford acted in concert with Defendant Hemphill, Defendant Blankenship and Defendant Berrios to deprive Plaintiff of adequate medical supplies.

103. Defendant all of them collectively retaliated by either ignoring valid medical passes of Plaintiff or took away a cane that was used to assist Plaintiff in walking.   The concerted action of Defendants was the proximate cause of additional injuries to Plaintiff. See grievance attached exhibit

<u>COUNT TEN:</u>
AIDING AND ABETTING

104. This is an action under state law for common law aiding and abetting

105. Plaintiff re-alleges paragraphs 1-45 as fully set forth herein.

106. Defendant Jenks acting from the Custom and policy of Wexford Health Sources Inc placed Plaintiff safety at risk by saving Wexford money by cutting in half the needed medical supplies of Plaintiff.

107. Defendants  Defendant  Hemphill,  Defendant  Blankenship,  Defendant Berrios knew of said tortuous actions of Defendant Jenks and   either joined or condoned same and encouraged by delegating non-delegable duties to her that amounted to doing dirty work for her principals.

18

108. Said principals provided substantial assistance by agreeing to ratify her actions and providing her with non-delegable discretion to carry the retaliatory actions.

COUNT ELEVEN:
NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

109. This is an action under state law for common law negligent infliction of emotional distress

110. Plaintiff re-alleges paragraphs 1-45 as fully set forth herein.

111. Defendants all of them had a duty to plaintiff to provide reasonable care in administering his medical regime for his injuries as directed by prior doctors.

112. Defendants had a duty to follow the prior orders regarding      Plaintiff's medical supplies and due care to prevent reasonable foreseeable infections.

113. Defendant negligently breach said duty by refusing the treatment previously ordered.  Such conduct created a foreseeable zone of risk of infection.

114. Defendant breached their duties by not providing adequate supplies requiring Plaintiff to reuse supplies that required replacement after single use, delaying Plaintiff's medical care after he put them on notice, and revoking his walking cane pass.

115. As a direct and proximate result of such error and gross negligence Plaintiff suffered physical pain, anguish, embarrassment, humiliation, infections, and the need for future treatment.

COUNT TWELVE:
NEGLIGENT SUPERVISION

116. This is an action under state law for negligent supervision of Nurse Jenks.

117. Plaintiff re-alleges paragraphs 1-44 as fully set forth herein.

118. Defendants should have overruled Defendant Jenks and stopped her from continually delaying and denying orders of treatment.

119. Defendant had supervisory authority over Nurse Jenks but failed to exercise said authority.

120. Defendant's failure to supervise Defendant Jenks was the proximate cause of Plaintiff continuous injuries.

COUNT THIRTEEN:
GENERAL NEGLIGENCE

121. This is an action under state law for general negligence.

122. Plaintiff re-alleges paragraphs 1-44 as fully set forth herein.

123. Defendants owed Plaintiff a legal duty of care in administering his medical treatment.

124. Defendants negligently breached that duty and thereby created foreseeable broader zone of risk of pain and discomfort and infection

20

125. As a direct result of said negligent breach of care, Plaintiff developed several infections, pain, humiliation, anguish, discomfort and mental health care.

## V. <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully prays that this Court enter Judgment:

126. Grant Plaintiff nominal damages.

127. Grant Plaintiff compensatory damages in the amount of 200,000 dollars.

128. Grant plaintiff punitive damages in the amount of 700,000 dollars.

129. Grant Plaintiff a jury trial on all issues trial able by jury.

130. Grant Plaintiff recovery of the cost of this suite and any additional relief this Court deems just, proper, and equitable.

Dated: *August 13,*     2019

Respectfully Submitted,

*Sadik Baxter*

Sadik Baxter M81116
Tomoka C.I
3650 Tiger Bay Rd.
Daytona Beach, Fl 32124

## <u>VERIFICATION</u>

I, DECLARE UNDER PENALTY OF PERJURY, which I have read this Complaint and the allegations are true and correct this __*13*__ day of August 2019.